**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**JOHN SWENSON,**
Plaintiff,

vs.

**THE BOARD OF DIRECTORS for the CHICAGO INTERNATIONAL CHARTER SCHOOLS, CHICAGO INTERNATIONAL CHARTER SCHOOL, LONGWOOD CAMPUS and ROBERT LANG,** in his individual and official capacity,
Defendants

Case No.:

## COMPLAINT

Now comes the plaintiff, John Swenson, by and through his attorney, Steven E. Glink, and complaining against the defendants, the Board of Directors for Chicago International Charter Schools, Chicago International Charter School, Longwood Campus & Robert Lang, states as follows:

## VENUE AND JURISDICTION

1. This action is brought pursuant to Title VII, 42 USC 2000-e, et seq, 42 USC 1981 and 29 USC 623 and seeks damages for race, sex, sexual orientation and age discrimination. Various pendent state claims for racial, gender and age discrimination

are brought under the Illinois Human Rights Act, 775 ILCS 5/2-101, et seq. Other pendent state tort claims are also brought.

2. Jurisdiction is proper pursuant to 28 USC 1331.

3. Venue is proper pursuant to 28 USC 1392.

## THE PARTIES

4. At all times relevant to this complaint, John Swenson ("Swenson") was a citizen of the United States of America and a resident of the City of Chicago, Cook County Illinois.

5. At all times relevant to this complaint, Chicago International Charter School Longwood Campus ("CICS") was a private educational institution organized pursuant to the laws of the State of Illinois and was located at 1309 95th Street, Chicago, Illinois.

6. At all times relevant to this complaint, CICS was owned and/ or operated by the Board of Directors ("The Board"), which consists of various private citizens.

7. At all times relevant to this complaint, The Board was organized pursuant to various provisions of the Illinois School Code and was charged with the duty to run the CICS in compliance with applicable state and federal law.

8. At all times relevant to this complaint, Robert Lang was employed as the Principal at CICS.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Swenson was employed as a music teacher at CICS Longwood Campus from November 1, 2004-June 16, 2006.

10. Swenson is a white male, who identified himself as a homosexual who was over the age of 40. In addition, defendant Lang perceived and recognized Swenson as a white homosexual over the age of 40.

11. Swenson is a protected person under the definitions of Title VII and the ADEA.

12. The defendants are employers and/or persons under the definitions of Title VII and the ADEA and as such, were prohibited from any and all discriminatory acts based on Swenson's race, sexual orientation and age.

13. Under the law, all defendants were prohibited from any and all acts of retaliation for Swenson's complaints/ resistance to discriminatory conduct.

14. Lang is a black male and as principal, had the authority to hire and fire employees at CICS during the relevant time period.

15. During the entire time that he was employed at CICS, Swenson performed his duties in an exemplary manner and met the legitimate expectations of his employer.

16. At all times relevant to this complaint, plaintiff's job performance met the legitimate expectations of his employer.

17. At all times relevant to this complaint, Swenson's job performance was as good or better than the job performance of similarly situated non-white, heterosexual younger similarly situated employees.

18. On information and belief, 100% of the student population at CICS consisted of black students while Swenson was employed there.

19. At various times during the course of his employment, Swenson was subjected to very negative comments about his race and sexual orientation by various students and by Lang. Many of the comments referred to Swenson as "a white faggot" and "a white pansy."

20. Swenson repeatedly complained to Lang about his treatment by Lang and the students. Swenson repeatedly asked Lang to cease and desist from Lang's own hostile actions/ comments. Swenson also asked Lang to discipline the students who were making these comments. Lang refused and rejected to stop his own conduct. Lang further failed to take any corrective actions for the students' conduct.

21. Swenson had a meeting with Lang on or about May 18, 2006 and June 9, 2006 at which time, Swenson again complained about Lang's conduct toward him. Swenson also complained about Lang's failure to take any corrective action against the students who were making negative comments about Swenson race and sexual orientation. Swenson then informed Lang that he intended to file a discrimination charge about his treatment at CICS.

22. On June 16, 2006, Lang terminated Swenson's employment at CICS. Lang told Swenson "CICS was moving in a different direction."

23. Immediately following his termination by Lang, Swenson's position as a music teacher was filled by a non-white, female heterosexual teacher under the age of 40.

24. Swenson filed a charge of discrimination with the EEOC on 12/13/06 (a copy of which is attached hereto as exhibit A).

25. EEOC issued a probable cause determination that Swenson's discrimination charges were valid on 9/10/09 (a copy of which is attached hereto as exhibit B).

26. Although the defendants (as respondents) were invited to participate in the conciliation process to resolve the charges, defendants declined to do so until after Swenson received his right to sue letter.

27. The EEOC issued a right to sue letter to Swenson on 11/15/11 (a copy of which is attached hereto as exhibit C).

28. This lawsuit is filed within 90 days from the receipt of the right to sue letter.

**COUNT I- VIOLATIONS OF TITLE VII**

29. Plaintiff reallegs each and every allegation in paragraphs 1-28 above as his allegations for this count.

30. Plaintiff was subject to disparate treatment at CICS due to his race and sexual orientation.

31. Defendants created a hostile work environment toward Swenson based upon his race and sexual orientation.

32. Defendants allowed a student created hostile work environment to exist by the students, who made verbal comments about plaintiff's race and sexual orientation.

33. Defendants retaliated against Swenson's opposition and resistance to the above described discriminatory acts by terminating his employment when Swenson informed Lang that Swenson was going to file charges at the EEOC.

34. Plaintiff further believes that defendant's act of replacing him with a non-white, heterosexual female teacher violates the prohibitions against sex, race and sexual orientation discrimination of Title VII.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor in an amount in excess of $75,000 to compensate him for lost wages and emotional distress. Plaintiff further prays that the Court award all costs and reasonable attorney's fees.

**COUNT II- ADEA VIOLATION**

35. Plaintiff realleges each and every allegation in paragraphs 1-28 above as his allegations for this count.

36. Swenson is an employee as defined by 29 USC 630 (f).

37. Defendants are employers as defined by 29 USC 630 (b).

38. As an individual over 40 years of age, Swenson is a protected individual under the ADEA.

39. Defendants act of terminating Swenson employment on June 16, 2006 and immediately replacing him with an employee under the age of 40 is a discriminatory act under 29 USC 623 (a).

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor against the defendants in an amount in excess of $75,000 plus costs. Plaintiff further prays that he be awarded reasonable attorney's fees.

**COUNT III-CIVIL RIGHTS VIOLATION UNDER 42 USC 1981**

40. Plaintiff realleges each and every allegation in paragraphs 1-28 above as his allegations for this paragraph.
41. The statute 42 USC 1981 protects the rights of all persons to be free from racial discrimination in the making of contracts, including employments contracts.
42. As per the above allegations, the defendants violated plaintiff's right to be free from making and continuing his employment contract at CICS on the basis of his race.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgment is his favor and against the defendants in an amount in excess of $75,000. Plaintiff further prays that the Court enter an award of costs and reasonable attorney's fees.

**COUNT IV-VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT**

43. Plaintiff reallges all of his allegations in paragraphs 1-39 above as his allegations in this paragraph.
44. The Illinois Human Rights Act ("The Act") prohibits discrimination based on age, race, sexual orientation and gender. 775 ILCS 5/1-101, et. Seq.
45. Plaintiff is within the class of citizens protected by the Act.
46. Defendants are private employers un section 2-101(B)(1)(a) of the Act.
47. On information and belief, defendants may be a private employer with a government contract (see section 2-101 (B)(1)(d) under the Act.
48. Section 6-101 of the Act authorizes a cause of action against any individual who retaliates against an individual who opposes a violation of the Act.

49. All of the afore-described actions by the defendants constitute discrimination under the Act.

50. Section 8A-104 G authorizes the award of attorney's fees in age discrimination claims.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor and against all defendants in an amount in excess of $75,000 plus costs and reasonable attorney's fees.

**COUNT V-VIOLATION OF THE ILLINOIS CIVIL RIGHTS ACT OF 2003**

51. Plaintiff realleges his allegation of paragraphs 1-28 above as his allegations for this paragraph.

52. The Illinois Civil Rights Act of 2003 (ICRA) prohibits a unit of local government from subjecting an individual to discrimination based upon the individual's race or color. 740 ILCS 23/5 (a)(1) and (2).

53. Section 23/5 (b) of the ICRA provides a cause of action in federal court for any person aggrieved by a violation of the ICRA.

54. The conduct described above constitutes a violation of the ICRA.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor, and against the defendants, in an amount in excess of $75,000 plus costs and reasonable attorney's fees.

**COUNT VI-VIOLATION OF THE ILLINOIS WHISTLEBLOWER ACT**

55. Plaintiff realleges his allegations of paragraphs 1-38 above for his allegations of this paragraph.

56. The defendants were "employers" as defined by the Illinois Whistleblower Act (WBA), 740 ILCS 174/5.

57. Plaintiff was an employee as defined by the WBA. 740 ILCS 174/5.

58. From time to time during the course of his employment, plaintiff observed conduct that he reasonably believed to be violations of federal and /or state law, such as:

a) Various staff at CICS referred to students as "niggers" and "tar babies" and "black boys" and "faggots";

b) Various staff members struck students and/or slammed students into lockers;

c) Various administrators fondled female students in a sexually provocative manner;

d) Administrators refused to provide plaintiff with copies of various students IEPs and/or 504 plans. Similarly, administrators refused to provide plaintiff with an adequate summary of student IEPs/ 504 plans thus making compliance with the IDEA impossible.

59. At all times relevant to this complaint, defendants' conduct in discriminating against students and staff based upon their disability, race and/or their sexual orientation and/ or age were violations of state and federal law.

60. At all times relevant to this complaint, plaintiff opposed these policies and/or conduct that he reasonably believed to be violations of state and/or federal law.

61. At all times relevant to this complaint, plaintiff made numerous complaints to Lang and other CICS executive staff that he opposed these illegal policies and that he intended to report these violations to various governmental agencies if they did not stop.

62. When defendants illegal practices and actions failed to stop, plaintiff did report them to Chicago Public Schools, Illinois State Board of Education and the Department of Children and family Services.

63. Defendants' terminated plaintiff's employment at CICS in retaliation for his reporting what he reasonable believed to be violations of federal and/or state law.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment against all defendants and in his favor in an amount in excess of $75,000 plus costs and reasonable attorney's fees.

Respectfully submitted,

By: S/ Steven Glink
STEVEN E. GLINK

THE LAW OFFICES OF STEVEN GLINK
ATTORNEY FOR PLAINTIFF
3338 COMMERCIAL AVENUE
NORTHBROOK, ILLINOIS 60062
847/480-7749 (VOICE)
847/480-9501 (FACSIMILE)